**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 14a0728n.06

Case No. 13-4410

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>GLEN MINGES, et al.,</td><td>)</td><td rowspan="11"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>    Plaintiff-Appellants,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>v.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>BUTLER COUNTY AGRICULTURAL</td><td>)</td></tr>
<tr><td>SOCIETY, et al.,</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
<tr><td>    Defendant-Appellees.</td><td>)</td></tr>
<tr><td></td><td>)</td></tr>
</table>

FILED
Sep 17, 2014
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

BEFORE: MOORE, SUTTON and ALARCÓN, Circuit Judges.[*]

SUTTON, Circuit Judge.  Today we consider a new variation on an old question:  What counts as a state actor under 42 U.S.C. § 1983?  The district court ruled that an Ohio county agricultural society, responsible for the annual Butler County Fair, does not.  Because we think plaintiffs should at least have the benefit of discovery before that question is decided, we vacate the district court's decision and remand for further proceedings.

In 2011, fifteen-year-old Zach Minges raised a steer named "King."  The ox lived up to his name and won the grand prize at the Butler County Fair, an event run by the Butler County Agricultural Society.  King's reign proved short-lived.  A routine urinalysis revealed that the

---

[*] The Honorable Arthur L. Alarcón, Senior Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

steer had been given a banned drug in violation of Ohio's anti-doping scheme. Zach disavowed any knowledge of the drug, yet the Ohio Department of Agriculture punished him anyway. An Ohio court reversed that decision on appeal. *See Minges v. Ohio Dep't of Agric.*, 990 N.E.2d 662 (Ohio Ct. App. 2013).

There things would have ended had the Society not taken matters into its own hands. It stripped Zach of his title and prize money and barred him and his family from two subsequent competitions. In response, the Minges family sued the Society and its board in federal court under § 1983, alleging violations of procedural and substantive due process. They also brought a state-law claim for breach of contract and one for false-light defamation. The Society moved to dismiss on several grounds. The district court decided the case based on the first of them: an absence of state action. Reasoning that an Ohio county agricultural society is not a state actor under § 1983, it ruled that the family had failed to state a claim under federal law. The family appealed.

We review the district court's decision with fresh eyes, construing the record in the light most favorable to the family. *See Phila. Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013).

Is the Butler County Agricultural Society a state actor for purposes of § 1983? Maybe; maybe not. An entity acts "under color of state law" if there is "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks and citation omitted). Because the States' "varied, pragmatic approach in establishing government" has produced a "staggering[ly] divers[e]" array of governance arrangements, *Avery v. Midland Cnty.*, 390 U.S. 474, 482–83 (1968), "no one fact

can function as a necessary condition across the board for finding state action; nor is any set of circumstances absolutely sufficient," *Brentwood Acad.*, 531 U.S. at 295. We can think of at least three reasons why this fact-bound inquiry might come out in the Minges family's favor.

Start with the reality that the Ohio Supreme Court has deemed such societies "political subdivision[s]" for the purposes of its state immunity statute. *See* Ohio Rev. Code § 2744.01(F); *Greene Cnty. Agric. Soc'y v. Liming*, 733 N.E.2d 1141 (Ohio 2000). That means county agricultural societies may not be subjected to tort liability whenever they act in a "governmental" capacity. Ohio Rev. Code § 2744.01(F). The State's decision to bring such societies beneath its sovereign-immunity umbrella is powerful evidence that, at least in some circumstances, they act on its behalf. *See* Brief of Amicus Curiae, The Ohio Department of Agriculture at *3, *Liming*, 733 N.E. at 1141, 2000 WL 34336000 ("[Immunity is necessary to] ensure[] that these societies may continue to perform their important governmental activity of promoting agricultural education to the citizens of Ohio without risk of financial ruin."). Add to that the fact that agricultural societies often serve a governmental function—by educating the public about farming and livestock through, among other means, livestock competitions—and it is well within the realm of reason to think of this agricultural society's conduct as state action.

Consider next the privileges and obligations incumbent upon a county agricultural society as a matter of Ohio law. All societies must offer monetary "premiums" every year to promote the State's "agricultural" and "household manufacturing interests." Ohio Rev. Code § 1711.04. They must summarize their financials "in a newspaper of general circulation" and "make a report of [their] proceedings during the year." *Id.* § 1711.05. They must seat at least two state employees on their boards. *Id.* § 1711.07. They may appropriate private property under the State's eminent-domain statute. *Id.* § 1711.14. They must comply with a web of regulations

3

promulgated by the Ohio Department of Agriculture. *E.g.*, *id.* §§ 1711.07, 1711.08, 1711.11(A). And if they receive county money or use county land, as will often be the case, their relationship with the State tightens further. *E.g.*, *id.* §§ 1711.16, 1711.18, 1711.21, 1711.22.

Finally, the organizations that run county fairs—and even the Ohio State Fair—have sometimes been recognized as state actors by courts, for these reasons and others. *Cf. Int'l Soc'y for Krishna Consciousness, Inc. v. Evans*, 440 F. Supp. 414, 419 (S.D. Ohio 1977) (noting that the Ohio Expositions Commission—which runs the Ohio State Fair—conceded that it was a state actor under § 1983 when it was sued); *Yiamouyiannis v. Lowe*, No. 96CAE-05-024, 1997 WL 5281 (Ohio Ct. App. Jan. 3, 1997) (treating county agricultural societies as state actors under § 1983).

Does any of this conclusively establish that the Butler County Agricultural Society has acted under color of state law here? No. But that uncertainty does not mean that the Society automatically wins as a result. Remember that this case is before us on the Society's motion to dismiss. Because the Society prevailed in the district court, the Minges family never had the chance to use discovery to develop more facts about the nature of the State's relationship with *this* particular Society and *this* particular competition. The context-specific nature of the state-action question suggests we should not so hastily declare that county agricultural societies cannot be sued under § 1983.

For these reasons, we vacate the district court's decision and remand for further proceedings, including the discovery the Minges family requested concerning the state-action inquiry.